R. C. GRESHAM *et al.* v. ELLA M. OWENS.

**No. 210.**

ESTOPPEL—*dismissal of appeal and payment of part of judgment work an estoppel.* Where, in a suit to recover damages for breach of a redelivery bond given in a replevin action, it appeared that one of the plaintiffs in error, the principal of the bond, had appealed from a judgment of the justice of the peace which awarded to defendant in error a return of the property and damages for its detention, and that, at the request of the appellant, the appeal was dismissed at his cost, and that he afterwards paid the damages thus awarded but wrongfully kept the property, *held*, that such acts work an estoppel to contest anything done in the replevin action.

Error from Montgomery District Court. Hon. J. D. McCue, Judge. Opinion filed September 20, 1897. *Affirmed.*

*T. H. Stanford* and *F. J. Fritch*, for plaintiffs in error.

*S. M. Porter*, for defendant in error.

MILTON, J. Ella M. Owens obtained a judgment in the District Court of Montgomery County against

R. C. Gresham and J. H. Mathews, the plaintiffs in error, in the sum of $172.37 and costs, in an action upon a redelivery bond given by them. The court required said plaintiff to remit all of said judgment in excess of $106, which she accordingly did, under protest. Defendants below begin these proceedings in error and plaintiff has filed a cross-petition in error.

It appears that Mrs. Owens brought a suit in replevin before a justice of the peace against R. C. Gresham and two other parties to obtain possession of three mares, alleging that she was the lawful owner thereof and that the defendants unlawfully obtained possession of the same. She obtained a judgment for the return of the property, for $32.45 as damages, and for costs. Gresham, as principal, and Mathews, as surety, at the time the writ of replevin was served, executed and delivered to the constable the redelivery bond which was sued on, said bond containing the condition that they "should deliver to the said plaintiff the property herein returned to them if such delivery be adjudged, and pay all costs and damages awarded against them in said action." The property was then returned to them by the constable. Defendants in the replevin action appealed to the district court, and afterwards filed a motion that their appeal be dismissed at their cost and the case be remanded to the justice of the peace for the enforcement of the judgment. Thereupon Gresham paid to the justice the damages awarded in the replevin action. He, however, did not return the property to Mrs. Owens, but refused to do so. An execution to procure its return was issued, but the constable's demand therefor was refused and he was unable to find it.

We think the judgment of the trial court ought to be sustained, as no substantial reason to the contrary

appears. While various objections to this judgment are urged, we discover as to most of them that plaintiffs in error are estopped.

The objection to the manner of the appointment of the special constable in the replevin action has no force in view of the facts we have stated. Plaintiffs in error are in no position, after having requested a dismissal of their appeal, to contest anything relating to that case.

It is claimed that the judgment in the replevin action was not in proper form, as it did not contain a provision for payment of the value of the property in case its return could not be had. It is not a very formal judgment, but it is the judgment which one of the plaintiffs in error asked to have enforced and which he has in part satisfied. The objection comes too late.

It is also said that the verdict and judgment in the replevin action failed to describe the property. Having appealed from the judgment and having afterwards satisfied that part of it which awarded damages, it can be safely said that plaintiffs in error cannot have suffered from its indefiniteness. The replevin affidavit, the redelivery bond and the justice's docket entry all described the property.

· It is further claimed that, as Mrs. Owens in the replevin affidavit placed the value of the property at ninety dollars, and in her testimony in this action stated that it was worth $180, we should hold that the justice had no jurisdiction in the replevin action, and that to hold otherwise is to allow defendant in error to profit by her own wrong and fraudulent conduct. This question appears to be raised here for the first time in the case, and it will not, therefore, require our attention.

It is urged that the court erred in its instructions to the jury, but as no exceptions were taken by plaintiff in error, we cannot now consider the objections made.

The judgment of the District Court is affirmed.